MARTIN *v.* MILWAUKEE, BENTON HARBOR & COLUMBUS RAILWAY CO.

MASTER AND SERVANT — ACTION FOR SERVICES — EMPLOYMENT— QUESTION FOR JURY—EVIDENCE.

> In an action for services, evidence examined, and *held* to authorize the submission of the question of plaintiff's employment by defendant to the jury.

Error to Berrien; Coolidge, J. Submitted October 7, 1904. (Docket No. 37.) Decided November 9, 1904.

Assumpsit by Walter S. Martin against the Milwaukee, Benton Harbor & Columbus Railway Company for work and labor done. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Samuel H. Kelley,* for appellant.

*Gore & Harvey,* for appellee.

MOORE, C. J. This action was commenced in justice's court, where plaintiff obtained a judgment of $146. The case was appealed to the circuit court by defendant. A trial was had before a jury, which returned a verdict in favor of the plaintiff for $293. From a judgment for that amount the case is brought here by writ of error.

It was the claim of plaintiff that he entered the employ of the St. Joseph Valley Railway Company in July, 1896,

and continued therein and in the employ of defendant until April, 1898. The defendant succeeded to the rights and liabilities of the St. Joseph Valley Railway Company in August, 1897. The defendant claims that plaintiff was not in its employ or in the employ of its predecessor, but was in the employ of the Berrien Construction Company. After the verdict was rendered, a motion was made for a new trial for the following reasons:

1. The verdict of the jury is against the law.
2. The verdict of the jury is against the evidence.
3. There is no evidence to support a judgment for the sum of $293 in favor of plaintiff in said cause.
4. The amount of the verdict is so excessive as to show that the jury were actuated by passion or prejudice.
5. There was no evidence showing a contract that would justify the amount of the verdict in favor of the plaintiff.
6. That defendant is in possession of new and further evidence showing the verdict should be for defendant, and which, on another trial, defendant can produce.

This motion was overruled.

The questions involved are purely questions of fact. There was testimony on the part of the plaintiff that he was employed by the president of the St. Joseph Valley Railway Company, and that he assisted the surveyors in running the lines of the road upon its extension; that he helped secure its right of way, the deeds to which ran to the St. Joseph Valley Railway as grantee until the organization of the defendant company, when they ran to it as grantee.

There was also furnished to him a pass, reading as follows:

"MILWAUKEE, BENTON HARBOR & COLUMBUS RAILWAY COMPANY.

"Pass W. S. Martin, Employee, until December 31, 1897, unless otherwise ordered.

"A. A. PATTERSON, Jr.
"Pres. and Gen. Mgr.
"No. ———."

There was also other testimony tending to support his theory of the case, both as to the employment and the value of his services.   It is true there was testimony—and much of it—to support defendant's theory of the case, but it cannot be said there was no case for the jury, nor can it be said the verdict was not based upon the testimony.

Judgment is affirmed.

The other Justices concurred.